Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4052**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTWYON SKIPPER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (2:06-cr-00157)

Submitted: May 25, 2007          Decided: July 11, 2007

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwyon Skipper appeals from his 100-month sentence imposed pursuant to his guilty plea to possession with intent to distribute cocaine base. On appeal, he asserts that the district court utilized the wrong standard in choosing his sentence, that the court erred by failing to consider whether the "unique" circumstances of his case warranted use of the 100:1 cocaine powder/cocaine base guidelines ratio ("100:1 ratio"), and that his sentence was unreasonable. We affirm.

Skipper first claims that the district court applied the improper standard at his sentencing. Specifically, he asserts that the district court attempted to impose a "reasonable" sentence, applying a presumption that a reasonable sentence would be one within the advisory guideline range. Skipper contends that the proper standard should have been to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing, giving no undue weight to the guidelines range.

Skipper correctly states that the district court's mandate is "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). "Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task." Id. (emphasis in original). However, our review of the record reveals

that the district court understood and applied the correct standard. Thus, this issue is without merit.

Next, Skipper contends that the district court improperly failed to consider whether, under the specific facts of his case, the guidelines' tougher treatment of crack cocaine crimes resulted in a sentence greater than necessary to advance the goals of sentencing in his case. In United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006), petition for cert. filed (June 20, 2006), we concluded that a "district court's categorical rejection of the 100:1 ratio impermissibly usurps Congress's judgment about the proper sentencing policy for cocaine offenses." However, Skipper points to the Eura Court's further conclusions that "it does not follow that *all* defendants convicted of crack cocaine offenses must receive a sentence within the advisory sentencing range. We certainly envision instances in which some of the § 3553(a) factors will warrant a variance from the advisory sentencing range in a crack cocaine case." Id. (emphasis in original).

Skipper asserts that his is such a case. He points to his non-violent record and the fact that he was a low-level dealer. He contends that, because the 100:1 ratio was adopted to target major drug dealers, the facts in his case would justify a variance sentence, as the 100:1 ratio resulted in a harsher sentence than necessary.

Skipper has misread Eura. Eura does not conclude that, in given cases, the court may alter or disregard the 100:1 ratio; rather, the language Skipper points to in Eura stands for the unremarkable conclusion that the court must consider the guidelines range as well as the 18 U.S.C.A. § 3553 (West 2000 & Supp. 2007) factors in fashioning a sentence and that, in an appropriate case, the § 3553 factors may warrant a lower sentence, even for a defendant convicted of a crack cocaine offense. Eura does *not* say that one of the considered factors can be the unfairness of the ratio in certain cases. In fact, Eura plainly states that "in arriving at a reasonable sentence, the court simply must not rely on a factor that would result in a sentencing disparity that totally is at odds with the will of Congress." 440 F.3d at 634. Thus, the district court properly declined to impose a variance sentence based on any perceived unfairness in the 100:1 ratio.

Finally, Skipper contends that his sentence was unreasonable because the district court did not properly take into account relevant factors, including the non-violent nature of the crime, his cooperation, and his relatively innocuous criminal history. In addition, Skipper claims that the purposes of the 100:1 ratio, which drove the guideline calculations, are not present in his relatively minor, non-violent conviction. Skipper's sentence, which was within the proper advisory guidelines range, is

presumptively reasonable.  See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

The issues Skipper raises to support his claim that his sentence is unreasonable were raised at sentencing and considered by the district court.  The court noted that Skipper posed a risk of future substance abuse, that he had a long history of using and selling drugs, and that the amount of drugs involved in the instant crime was greater than in his prior convictions.  In addition, the non-violent nature of his crime and the fact that he accepted responsibility were already considered in the calculation of the guideline range.

Neither Skipper nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.  Congress has never stated that the 100:1 ratio is only applicable in certain cases, and as discussed above, district courts are not permitted to consider any unfairness in application of the ratio when determining a sentence.  Accordingly, we find that Skipper's sentence, which was well under the statutory maximum and at the low end of the properly calculated guideline range, was reasonable.

Accordingly, Skipper's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED